IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:20-CV-485-BO

KHALIL MIDDLETON,                )
                                 )
        Plaintiff,                )
                                 )
v.                               )        O R D E R
                                 )
UNITED STATES,[1]                )
                                 )
        Defendant.                )

This matter is before the Court on defendant's motion to dismiss. [DE 9]. For the reasons that follow, defendant's motion is GRANTED.

## BACKGROUND

Plaintiff receives medical and social work services from the Department of Veterans Affairs (VA) Medical Center in Fayetteville, North Carolina. On September 18, 2020, plaintiff filed a complaint for a civil claim essentially seeking a restraining order and a no-contact order for stalking or non-consensual sexual conduct against an official of the VA in Cumberland County District Court. The complaint alleges that the VA official stalked him, monitored his cell phone, and communicated to others about him. The United States removed the action to federal court on September 15, 2020 [DE 1], but the General Court of Justice of Cumberland County subsequently dismissed the action by an order dated September 18, 2020. On October 22, 2020, defendant filed a certification of scope of employment and notice of substitution that substituted the United States

---

[1] Where, as here, "a federal employee is sued, the United States Attorney, acting on behalf of the Attorney General, must certify whether that employee was in fact acting within the scope of his or her employment at the time of the alleged tortious act." *Maron v. United States*, 126 F.3d 317, 321 (4th Cir. 1997) (citing 28 U.S.C. § 2679(d)(1)). "Once this certification has been made, the United States is substituted as the sole defendant and all suits filed in state court are removed to federal court; then the plaintiff's sole route for recovery is the [Federal] Tort Claims Act." *Id.* Pursuant to 28 U.S.C. § 2679, the United States certified the scope of employment and substituted itself as the sole defendant on all claims sounding in tort, including the stalking claims presented.

as the defendant in this action for the VA official. On the same date, the defendant filed the instant motion to dismiss for lack of subject-matter jurisdiction and failure to state a claim.

DISCUSSION

Defendant has moved to dismiss plaintiff's complaint for lack of subject-matter jurisdiction under Rule 12(b)(1) and failure to state a claim upon which relief can be granted under Rule 12(b)(6).

The existence of subject-matter jurisdiction is a threshold question that a court must address before considering a case's merits. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 88–89 (1998). "Subject-matter jurisdiction cannot be forfeited or waived and should be considered when fairly in doubt." *Ashcroft v. Iqbal*, 556 U.S. 662, 671 (2009) (citation omitted). When subject-matter jurisdiction is challenged, the plaintiff has the burden of proving jurisdiction to survive the motion. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647–50 (4th Cir. 1999). When a facial challenge to subject-matter jurisdiction is raised, the facts alleged by the plaintiff in the complaint are taken as true, "and the motion must be denied if the complaint alleges sufficient facts to invoke subject-matter jurisdiction." *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009). The Court can consider evidence outside the pleadings without converting the motion into one for summary judgment. See, e.g., Evans, 166 F.3d at 647.

Under the well-settled doctrine of sovereign immunity, the United States is shielded from suit, except to the extent that it has waived its immunity. *United States v. Sherwood*, 312 U.S. 584, 586 (1941). A waiver of sovereign immunity is strictly construed in favor of the sovereign. *Welch v. United States*, 409 F.3d 646, 650 (4th Cir. 2005). Therefore, a plaintiff must demonstrate that there has been an unequivocal waiver of sovereign immunity to which no statutory exceptions apply; otherwise, the claim must be dismissed. *Id.* at 651.

2

Plaintiff's causes of action lie in tort, therefore the only basis for a waiver of sovereign immunity is contained in the Federal Tort Claims Act (FTCA). 28 U.S.C. §§ 2671 et seq. The FTCA "was designed primarily to remove the sovereign immunity of the United States from suits in tort and, with certain specific exceptions, to render the Government liable in tort as a private individual would be under like circumstances." *Richards v. United States*, 369 U.S. 1, 6 (1962). However, 28 U.S.C. § 2680 provides a variety of exceptions under which sovereign immunity is not waived; if any such exception applies, then the Court must dismiss plaintiff's complaint. *Medina v. United States*, 259 F.3d 220, 223 (4th Cir. 2001).

Plaintiff has failed to comply with a procedural requirement of the FTCA that is necessary to confer jurisdiction upon this Court. Under the FTCA, "[A]n action shall not be instituted upon a claim against the United States . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail." 28 U.S.C. § 2675(a). This requirement is jurisdictional, unwaivable, and must be met within two years of accrual of the cause of action. 28 U.S.C. § 2401(b); *see also Gould v. United States*, 905 F.2d 738, 741 (4th Cir. 1990).

A plaintiff bears the burden of persuasion if subject-matter jurisdiction is challenged under Rule 12(b)(1). *Williams v. United States*, 50 F.3d 299, 304 (4th Cir. 1995). The party suing the United States must point to an unequivocal waiver of immunity before a cause of action may proceed. *Id.* Here, Plaintiff does not contest his failure to present an administrative claim to an agency of the United States, which is a prerequisite to the limited immunity waiver conferred by the FTCA. Therefore, this Court lacks jurisdiction to hear his claims.

Even if Plaintiff's claims had been presented to the appropriate agency, plaintiff fails to state a claim for injunctive relief that would not be barred by sovereign immunity. "The only

3

relief provided for in the [FTCA] is money damages," and this Court "lack[s] jurisdiction under the FTCA to accord" plaintiff any relief, to the extent he is seeking it. *Talbert v. United States*, 932 F.2d 1064, 1065–66 (4th Cir. 1991); *see also Hendy v. Bello*, 555 F. App'x 24, 226 (holding that the FTCA does not waive sovereign immunity for suits seeking injunctive relief). Accordingly, where plaintiff seeks a restraining order and a no-contact order, he seeks injunctive relief, not monetary damages, *Blount v. United States*, No. 5:19-CV-347-FL, 2020 U.S. Dist. LEXIS 49001, *5 (Mar. 20, 2020), and this Court lacks jurisdiction over the case.

## CONCLUSION

For the above reasons, defendant's motion to dismiss is GRANTED. [DE 9]. Plaintiff's complaint is DISMISSED. The Clerk is DIRECTED to close the case.

SO ORDERED, this ___ day of January, 2021.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE